IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 08-cv-00103-WDM-KLM

DEBRA WHITEHEAD-ROJAS,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, and CONRAD MANYIK, an individual,

    Defendants.

## ORDER ON MOTION TO DISMISS AND MOTION TO REMAND

Miller, J.

This matter is before me on Defendants' Motion to Dismiss Claims Against Defendant Manyik Under Fed. R. Civ. P. 12(b)(6) (doc no 11) and Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (doc no 21). Both motions are opposed. For the reasons set forth below, Defendants' motion to dismiss will be granted and Plaintiff's motion to remand will be denied.

### Background

This action is based on the now-repealed Colorado Auto Accident Reparations Act ("CAARA" or the "No Fault Act"), C.R.S. §§ 10-4-701 to 10-4-726 (2002)[1]. Plaintiff alleges that Defendant American Family Mutual Insurance Company ("Insurer") failed to offer her enhanced or additional Personal Injury Protection ("PIP") coverage as required by the No Fault Act and now seeks to reform the policy to include such benefits. Plaintiff also asserts

---

[1] All references are to the 2002 version of the statute unless otherwise noted.

a claim against Defendant Conrad Manyik ("Agent"), an agent of Insurer, alleging that Agent acted negligently by failing to offer and explain enhanced PIP coverage. According to her complaint, Plaintiff alleges that she advised Agent that "she desired to purchase the best possible coverage available from American Family." Complaint ¶ 32. Plaintiff seeks, *inter alia*, reformation of the policy to include enhanced PIP benefits and that such benefits be "not subject to an aggregate limit of $200,000." Complaint, VI Prayer for Relief ¶ B.

Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

Discussion

1. Motion to Dismiss

Prior to its repeal, the No Fault Act required auto insurers to offer optional additional PIP benefits to their customers when issuing an auto insurance policy. Specifically, the following provisions required that:

> (2)(a) Every insurer shall offer the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10-4-706 (basic PIP protection), at the option of the named insured:
> (I) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitation; or
> (II) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or

2

> time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.
> (b) A complying policy may provide that all benefits set forth in section 10-4-706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

C.R.S. § 10-4-710.

Under Colorado law, the remedy for an insurance company's failure properly to offer enhanced PIP benefits is for the court to reform the subject policy such that "additional coverage in conformity with the offer mandated by statute will be incorporated into the policy . . . ." *Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550, 554 (Colo. App. 1998).

Defendants seek to dismiss Agent from this case, arguing that he was fraudulently joined to defeat diversity jurisdiction. Defendants contend that under established Colorado law, an insurance agent is not an "insurer" under the No Fault Act and, moreover, does not have a common law obligation to personally advise a consumer of the availability of additional coverage, such as enhanced PIP policies.

"Colorado follows the general rule that insurance agents have a duty to act with reasonable care toward their insureds, but, absent a special relationship between the insured and the insurer's agent, that agent has no affirmative duty to advise or warn his or her customer of provisions contained in an insurance policy." *Kaercher v. Sater*, 155 P.3d 437, 441 (Colo. App. 2006) (citations omitted). It is well established that insurance agents

or brokers are not "personal financial counselors and risk managers, approaching guarantor status" and have no duty to direct or advise a client to obtain additional coverage. *Id*. Negligence may be premised on one category of conduct; specifically, where an agent promises to obtain a specific type of insurance requested by the insured, the agent assumes a duty to act reasonably to procure the requested insurance or to notify the insured of the inability or failure to do so. *Id*. at 442 (citing *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239 (Colo. 1987)).

Here, Plaintiff's allegations do not demonstrate that she requested that Agent obtain enhanced PIP coverage for her, but merely that she asked for the "best possible" insurance coverage. "Best" is an inherently subjective evaluation in these circumstances, and could cover a multitude of possible formulations including the absolute lowest price, the most coverage for the lowest price, the most coverage for any price, and any number of other considerations. Such a vague expression cannot reasonably be construed as sufficient to put Agent on notice that Plaintiff wanted or expected a particular kind of policy. Plaintiff's allegations, even if true, would not be sufficient to establish liability because they do not, as a matter of law, indicate that Agent undertook to obtain enhanced PIP coverage for Plaintiff and then failed to do so.

Moreover, I disagree with Plaintiff that *Kaercher* stands for the proposition that the common law standard of care for an insurance agent or broker was modified by the No Fault Act. In *Kaercher*, a division of the Colorado Court of Appeals, considering a similar statute regarding an insurer's statutory duty to offer uninsured/underinsured motorist coverage, concluded that "an agent who offers that same coverage is exercising a reasonable duty of care toward his or her clients, absent special circumstances." 155 P.3d

4

at 441. In other words, contrary to the argument of the plaintiff in that case, an agent does not have a common law duty of care that is greater than an insurer's duty to offer coverage at an amount mandated by statute. There is no indication that the division was opining that an agent has an affirmative duty to advise clients of the availability of greater coverages than those requested by the consumer, which would be a significant departure from the well-established principles cited above. *See also Estate of Hill v. Allstate Ins. Co.,* 354 F. Supp. 2d 1192 (D. Colo. 2004) (holding that individual insurance agent does not have common law duty to inform consumer of availability of enhanced PIP coverage). Accordingly, the claim against Agent should be dismissed.

    2.    Motion to Remand

Plaintiff moves to remand this case to the Larimer County, Colorado district court. Defendants removed the case based on diversity jurisdiction, 28 U.S.C. § 1332[2]. Plaintiff contends that Defendants did not allege in the notice of removal facts sufficient to demonstrate by a preponderance of the evidence that the statutory amount in controversy, $75,000, is met.

The amount in controversy for the purposes of diversity jurisdiction is determined at the time of removal. *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484 (10th Cir. 1991). In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The amount in controversy is

---

[2]In the notice of removal (doc no 1), the Defendants acknowledged that there was no complete diversity if Agent, a Colorado resident, was a proper defendant. Defendants asserted that Agent was fraudulently joined in order to destroy diversity and moved for his dismissal.

determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal. *Id.* at 1290. When the plaintiff's damages are unspecified, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence; the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Id.* (citations omitted; emphasis in the original). There is a presumption against removal jurisdiction and, therefore, all doubts are resolved in favor of remand. *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In the notice of removal, Defendants alleged that Plaintiff had purchased approximately $130,000 in basic PIP coverage and, by this action, sought to reform the policy to include enhanced PIP benefits. Notice of Removal (doc no 1) at ¶ 10. The statute provides that enhanced PIP benefits may be subject to an aggregate limit of $200,000, see C.R.S. § 10-4-710(2)(b), but Plaintiff requested that this limit not apply. *Id.* Thus, as noted by Defendants, Plaintiff's reformation claim amounted to no less than $70,000. Plaintiff also sought interest, attorneys' fees, and non-economic damages. Id. at ¶¶ 11-13. I have no trouble concluding, as I did at the time the case was removed to this court, that these allegations are sufficient to establish that the amount in controversy meets the prerequisites of 28 U.S.C. § 1332 and that I have jurisdiction. Moreover, Defendant has provided supplementary documentation (doc no 22), which includes as an attached exhibit Plaintiff's initial disclosures. In these Fed. R. Civ. P. 26(a) disclosures, Plaintiff asserts that she has suffered $141,019.85 in medical expenses, which amount is still increasing with ongoing treatment, $164,995.63 in lost wages, and that she seeks statutory damages, exemplary

damages, interest, and attorneys' fees. *See* Exhibit A to Supplement to Defendants' Notice of Removal (doc no 22-2). Assuming that Plaintiff was entitled to and exhausted the $130,000 in benefits under her basic PIP policy, these assertions make clear beyond any doubt that the amount in controversy exceeds $75,000.

Plaintiff argues that Defendants' assertions are inadequate because the statutory cap, standing alone, does not "represent the amount of APIP benefits remaining to be paid" to Plaintiff. I do not follow Plaintiff's reasoning, as Defendants did not rely on the statutory cap on benefits, but rather the difference between the cap and the amount of coverage of Plaintiff's existing policy. This amount, with nothing more, is nearly enough to satisfy the jurisdictional requirement. Plaintiff also argues that the mere recitation of the other damage categories she seeks is insufficient to confer jurisdiction. If Plaintiff were to prevail on her claims, it is reasonable to infer she would have attorneys' fees in excess of $5000, not to mention the other damages categories she claims in the complaint. Notwithstanding Plaintiff's arguments, in light of her disclosures, it is clear that I had jurisdiction at the outset of this matter and remand is not required. *See, e.g., Purple Passion, Inc. v. RCN Telecom Serv., Inc.*, 406 F. Supp. 2d 245, 246 (S.D.N.Y. 2005) (events occurring after removal that reduce the amount in controversy, including action by the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, that reduces the claim below the requisite amount for removal, does not deprive the district court of jurisdiction) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) and collecting cases).

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss Claims Against Defendant Manyik Under Fed.

R. Civ. P. 12(b)(6) (doc no 11) is granted. Plaintiff's negligence claim against Defendant Manyik is dismissed and this defendant is dismissed from this action.

2. Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (doc no 21) is denied.

DATED at Denver, Colorado, on April 28, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge